## In re VOLKSWAGEN AND AUDI WARRANTY EXTENSION LITIGATION.

### No. 07–md–01790–JLT.

United States District Court, D. Massachusetts.

Oct. 10, 2012.

Peter J. McNulty, McNulty Law Firm, Los Angeles, CA, Julie D. Goldstein, Fox Rothschild LLP, Warrington, PA, Kirk D. Tresemer, Brad R. Irwin, Randal R. Kelly, Irwin & Boesen, P.C., Denver, CO, Michael B. Bogdanow, Meehan, Boyle, Black & Bogdanow, PC, Adam M. Stewart, Edward F. Haber, Thomas G. Shapiro, Shapiro Haber & Urmy LLP, Eugene R. Richard, Wayne, Richard & Hurwitz, LLP, Boston, MA, Russell D. Henkin, Sheryl S. Levy, Berger & Montague, P.C., Philadelphia, PA, Kevin C. Maxwell, Thomas Vaughan, Vaughan & Maxwell, P.A., Orlando, FL, Charles E. Mangan, John K. Weston, Sacks & Weston, Jenkintown, PA, Joel L. Dilorenzo, Joseph L. Tucker, K. Stephen Jackson, Jackson & Tucker PC, Jonathan H. Waller, Waller Law Office, Birmingham, AL, Jack Gorny, Fox Rothschild LLP, Atlantic City, NJ, Joseph G. Sauder, Chimicles & Tikellis LLP, Haverford, PA, Thomas P. Sobran, Hingham, MA, Garrett D. Blanchfield, Jr., Reinhardt Wendorf & Blanchfield, St. Paul, MN, Ilan Chorowsky, Progressive Law Group, LLC Chorowsky Law Offices, Phillip A. Bock, Bock & Hatch, LLC, Chicago, IL, Brian G. Ruschel, Cleveland, OH, Mark Schlachet, Law Offices of Mark Schlachet, Beachwood, OH, John J. Pentz, Class Action Fairness Group, Maynard, MA, for Plaintiffs.

Andrew R. Levin, David A. Barry, Sugarman, Rogers, Barshak & Cohen, P.C., Boston, MA, Hugh J. Bode, Martin T. Galvin, Reminger & Reminger, Cleveland, OH, Daniel V. Gsovski, Jeffrey L. Chase, Natalie Flores Campbell, Herzfeld & Rubin, New York, NY, for Defendant.

## ORDER

TAURO, District Judge.

In Defendants' *Response to Class Counsel's Request for a Status Conference* [# 337, at 1 n. 1], they raise the question of whether this case should be reassigned

pursuant to Local Rule 40.1(K)(2). Local Rule 40.1(K)(2) states:

> In all other cases in which the mandate of the appellate court requires further proceedings in this court, such proceedings shall not be conducted before the judge before whom the prior proceedings were conducted unless the terms of the remand require that further proceedings be conducted before the original judge or unless the judge determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge. If the judge before whom the prior proceedings were conducted does not retain the case for further proceedings, that judge shall return it to the clerk for reassignment.

On July 27, 2012, the Court of Appeals issued a judgment reversing and remanding this court's March 24, 2011 award of attorneys' fees [# 272]. *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 12–13, 22 (1st Cir.2012) (finding an abuse of discretion). Neither exception to Local Rule 40.1(K)(2) applies in this case. The terms of the remand do not require that further proceedings be conducted before the original judge. Retaining this case would not result in a substantial saving of time.

For the above-stated reasons, this court hereby orders that this case shall be returned to the clerk for reassignment.

IT IS SO ORDERED.